```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LAVERNA KENNEY,                                    :
                                                    :
                          Plaintiff,                :
                                                    :    06 Civ. 5770 (HB)
              - against -                           :
                                                    :    OPINION & ORDER
                                                    :
NEW YORK CITY DEPARTMENT OF EDUCATION  :
                                                    :
                          Defendant.                :
------------------------------------------------------------------------x
```

**Hon. HAROLD BAER, JR., District Judge:**

On October 22, 2007, this Court issued an Opinion & Order granting Defendant New York City Department of Education's motion for summary judgment and dismissing *pro se* Plaintiff Laverna Kenney's complaint[1] in its entirety. On October 29, 2007, Plaintiff notified the Court that she had not received a copy of the Opinion & Order because her address was listed incorrectly on the docket sheet. Thereafter, on November 13, 2007, the Court received an undated letter ("November 13th Letter") from Plaintiff in which she appeared to move for reconsideration.[2] For the reasons stated below, Plaintiff's motion for reconsideration is DENIED.

## I.     BACKGROUND

The facts of this case are set forth in detail in my October 22, 2007 Opinion & Order, familiarity with which is presumed. See Kenney v. N.Y. City Dep't of Educ., 06 Civ. 5770, 2007 U.S. Dist. LEXIS 77926 (S.D.N.Y. Oct. 22, 2007).

---

[1] Kenney's complaint alleged race discrimination against her former employer, the Department of Education, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq*. Specifically, Plaintiff alleges that Defendant improperly terminated her from service as a probationary attendance teacher and denied her reemployment as a teacher in 2005 and 2006 on the basis of her race.

[2] Kenney's letter cites to sections of the Court's October 22nd Order and renews her request for money damages. The Court liberally construed *pro se* Plaintiff's papers as a motion to reconsider. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (discussing the Circuit's practice) (internal citation omitted). The Court issued an Order on November 27, 2007 that accepted Plaintiff's November 13th letter as a motion for reconsideration timely made (because of the clerical error regarding her address) and set a briefing schedule. On November 29, 2007, the Court received a fax from Plaintiff wherein she states that she "never put in a motion for reconsideration" (somehow misunderstanding that if the letter was not so construed her letter, motion, whichever, would have been out of time) but nevertheless she requests that "the Court . . . remedy the wrong with sums of money in my money damages request and [a] hire from the Department of Education."

1

## II. STANDARD OF REVIEW

Motions for reconsideration fall within the discretion of the court and are governed by the strict standards set forth in Local Civil Rule 6.3 ("Local Rule 6.3"). See Black v. Diamond, Nos. 05 Civ. 785, 05 Civ. 1669, U.S. App. LEXIS 1519, at *5 (2d Cir. Jan. 19, 2006) ("To merit reconsideration, a movant must point to law or facts which [he] believes the court has overlooked."); Baker v. Dorfman, 239 F.3d 415, 427 (2d Cir. 2000) (same). The purpose of Local Civil Rule 6.3 is to ensure the finality of decisions. Relief is *only* available to the extent that the court overlooked controlling law or factual matters that were put before it, or alternatively, where the movant demonstrates a clear error or to prevent manifest injustice. Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). In accordance with these principles, the parties may not raise new facts, issues or arguments not previously presented to the court. Lehmuller v. Incorporated Village of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997).

## III. DISCUSSION

Plaintiff has not submitted any evidence to support relief under Local Rule 6.3 or, for that matter, any other reason to justify relief from the judgment under Federal Rule of Civil Procedure 60(b). With respect to Plaintiff's termination of employment and her failure to hire claims, she has pointed to no fact or controlling law which this Court failed to consider in its October 22nd Opinion & Order. All thirteen exhibits appended to her November 13th Letter to the Court were previously submitted (and considered by this Court) in opposition to Defendant's motion for summary judgment. Further, Plaintiff simply reiterates in conclusory form that she has established a *prima facie* case of race discrimination—a position thoroughly explored by this Court during oral argument on September 11, 2007 and rejected in its October 22, 2007 Opinion & Order.

## IV. CONCLUSION

For the reasons above, Plaintiff's motion for reconsideration is denied.

The Clerk of the Court is instructed to close this motion and ensure that this case is removed from my docket.

IT IS SO ORDERED.
New York, New York
January 2, 2008

U.S.D.J.

2